J-S20042-24

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

 COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 v. :
 :
 :
 THEOPHILUS L. BALDWIN :
 :
 Appellant : No. 1691 MDA 2023

 Appeal from the PCRA Order Entered November 13, 2023
 In the Court of Common Pleas of Centre County Criminal Division at
 No(s): CP-14-CR-0000686-2015

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: FILED: JULY 22, 2024

 Theophilus L. Baldwin appeals from the November 13, 2023 order

dismissing his second amended petition filed pursuant to the Post Conviction

Relief Act (“PCRA”), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we

affirm.

 The PCRA court summarized the relevant facts and procedural history

of this case as follows:

 Following the issuance of a presentment by the Thirty-
 Sixth Statewide Investigating Grand Jury, on January
 29, 2014, the Commonwealth filed a criminal
 complaint charging [Appellant] with several violations
 of the Controlled Substance, Drug, Device, and
 Cosmetic Act (Drug Act) [and] Criminal Use of a
 Communication Facility. On February 19, 2014, after
 a preliminary hearing, the charges were held for court.
____________________________________________

* Former Justice specially assigned to the Superior Court.
J-S20042-24

 On March 5, 2014, an Information was filed. On June
 20, 2014, [Appellant] filed an omnibus pretrial motion
 which included a motion to sever. On August 19,
 2014, the Court issued an order granting the
 severance motion.

 On November 3-4, 2014, a jury trial was held.
 [Appellant] was found guilty of counts one, two, three,
 and six. The trial court entered a nolle prosequi as
 to counts four and five. On December 18, 2014,
 [Appellant] was sentenced to an aggregate term of
 incarceration in a state correctional facility of ten to
 twenty years. On December 29, 2014, [Appellant]
 filed a post-sentence motion seeking modification of
 the sentence imposed to allow Recidivism Risk
 Reduction Incentive (RRRI) eligibility. On January 27,
 2015, after a hearing, the trial court granted the post-
 sentence motion and issued an amended sentencing
 order. On February 24, 2015, [Appellant] filed a
 timely notice of appeal.

 On appeal, [Appellant] challenged the sufficiency of
 the evidence, one of the Court’s jury instructions, an
 evidentiary ruling; and the discretionary aspects of his
 sentence. On March 1, 2016, the Superior Court of
 Pennsylvania affirmed [Appellant’s] judgment of
 sentence. [Appellant] did not seek allowance of
 appeal to the Supreme Court of Pennsylvania.[1]

 On March 31, 2015, the Commonwealth filed a motion
 to assign a new docket number to effectuate the
 Court’s August 19, 2014 severance order. On April 6,
 2015, the Court granted the Commonwealth’s motion,
 and the instant docket was generated. On May 28,
 2015, [Appellant] filed a motion to dismiss, alleging
 the Court lacked jurisdiction to proceed. An amended
 motion to dismiss was filed on July 1, 2015. On July
 21, 2015, the Court issued an order denying the
 motion to dismiss. On July 24, 2015, [Appellant] filed
 a motion seeking amendment of the Court’s order to
____________________________________________

1 Commonwealth v. Baldwin, ___ A.3d ___, 2016 WL 800677 (Pa.Super.

2016) (unpublished memorandum).

 -2-
J-S20042-24

 permit the filing of an interlocutory appeal by
 permission and a motion to stay the proceedings
 pending the filing of a petition for permission to
 appeal[.] On August 19, 2015, the Court denied the
 motion to stay.

 On September 24, 2015, [Appellant] entered guilty
 pleas to Delivery of a Controlled Substance, Criminal
 Conspiracy, and Criminal Use of a Communication
 Facility. On that date, [Appellant] was sentenced to
 serve three to six years of incarceration in a state
 correctional facility. This term of incarceration was
 ordered to be served consecutive to the term of
 incarceration imposed at docket number 302-2014[.]

 On October 6, 2015, [Appellant] filed a post-sentence
 motion seeking credit for time-served. On October
 15, 2015, the Court issued an order granting
 [Appellant’s] post-sentence motion in part which the
 Court amended on November 17, 2015. [Appellant]
 did not file a notice of appeal.

 On March 10, 2016, [Appellant] filed a pro se PCRA
 petition. On June 20, 2016, [Appellant] filed a
 counseled amended PCRA petition challenging the trial
 court’s jurisdiction over the matter and alleging trial
 counsel was ineffective for, inter alia, advising
 [Appellant] not to appeal his judgment of sentence.
 On September 19, 2016, the Commonwealth
 answered the amended petition. An evidentiary
 hearing was held on January 20, 2017. On March 23,
 2017, this Court granted [Appellant’s] petition, in
 part, reinstating his direct appeal rights.

 On April 20, 2017, filed a notice of appeal nunc pro
 tunc. On appeal, [Appellant] alleged that this Court
 lacked jurisdiction to accept his guilty plea and “the
 Commonwealth was barred from prosecuting [him] on
 any non-severed counts that could have been tried
 together at his jury trial” at docket number 302-2014.
 On December 20, 2017, the Superior Court affirmed
 [Appellant’s] judgment of sentence, finding that this
 Court did have jurisdiction to assign a new docket
 number for the severed counts and that the

 -3-
J-S20042-24

 Commonwealth was not barred from filing an
 amended information and proceeding on the charges
 in this case following completion of his case at docket
 302-2014[.][2]

 On October 9, 2018, Baldwin filed a pro se PCRA
 petition. On November 13, 2018, the Court appointed
 Ronald McGlaughlin, Esquire to represent [Appellant].
 On June 14, 2019, [Appellant] filed a counseled
 amended PCRA petition. On June 15, 2022,
 [Appellant] filed a second amended PCRA petition.
 This Court held an evidentiary hearing on May 2, 2023
 and has since received briefs on the issues.

PCRA court opinion, 11/13/23 at 1-4 (citation omitted; footnotes added).

 Following the May 2, 2023 evidentiary hearing, the PCRA court entered

an opinion and order on November 13, 2023 dismissing Appellant’s second

amended petition with prejudice. This timely appeal followed on December

11, 2023.3

 Appellant raises the following issue for our review:

 I. Did the [PCRA] court commit an error of law or
 abuse of discretion in finding that Appellant’s
 [appellate] counsel was not ineffective in failing
 to discover a factual error in this court’s opinion
 of December 20, 2017, indexed to 675 MDA
 2017?

 II. Did the [PCRA] court commit an error of law or
 abuse of discretion in determining that all
 remaining issues raised in Appellant’s amended
 PCRA and second amended [PCRA] were
____________________________________________

2 Commonwealth v. Baldwin, ___ A.3d ___, 2017 WL 6505788 (Pa.Super.

2017) (unpublished memorandum).

3 Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

 -4-
J-S20042-24

 substantive issues that could have been raised
 previously, and therefore, are considered
 waived?

Appellant’s brief at 4 (extraneous capitalization omitted).

 Proper appellate review of a PCRA court’s dismissal of a PCRA petition

is limited to the examination of “whether the PCRA court’s determination is

supported by the record and free of legal error.” Commonwealth v. Miller,

102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). “This Court grants

great deference to the findings of the PCRA court, and we will not disturb those

findings merely because the record could support a contrary holding.”

Commonwealth v. Patterson, 143 A.3d 394, 397 (Pa.Super. 2016) (citation

omitted). In order to be eligible for PCRA relief, a defendant must plead and

prove by a preponderance of the evidence that his conviction or sentence

arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).

These issues must be neither previously litigated nor waived. 42 Pa.C.S.A.

§ 9543(a)(3).

 To prevail on a claim of ineffective assistance of counsel under the PCRA,

a petitioner must establish the following three factors: “first[,] the underlying

claim has arguable merit; second, that counsel had no reasonable basis for

his action or inaction; and third, that Appellant was prejudiced.”

Commonwealth v. Charleston, 94 A.3d 1012, 1020 (Pa.Super. 2014)

(citation omitted), appeal denied, 104 A.3d 523 (Pa. 2014).

 [A] PCRA petitioner will be granted relief only when he
 proves, by a preponderance of the evidence, that his

 -5-
J-S20042-24

 conviction or sentence resulted from the [i]neffective
 assistance of counsel which, in the circumstances of
 the particular case, so undermined the
 truth-determining process that no reliable
 adjudication of guilt or innocence could have taken
 place.

Commonwealth v. Spotz, 84 A.3d 294, 311 (Pa. 2014) (internal quotation

marks omitted; some brackets in original), citing 42 Pa.C.S.A.

§ 9543(a)(2)(ii).

 “[C]ounsel is presumed to be effective and the burden of demonstrating

ineffectiveness rests on appellant.” Commonwealth v. Ousley, 21 A.3d

1238, 1242 (Pa.Super. 2011) (citation omitted), appeal denied, 30 A.3d 487

(Pa. 2011).

 Following our thorough review of the record, including the briefs of the

parties, the applicable law, and the well-reasoned opinion of the PCRA court,

we conclude that Appellant’s claims on appeal warrant no relief. The PCRA

court’s November 13, 2023 opinion discussed each of Appellant’s issues and

concluded that they were without merit. We find that the PCRA court’s

conclusions are supported by competent evidence and are clearly free of legal

error. Accordingly, we adopt the comprehensive and well-reasoned November

13, 2023 opinion of the Honorable Jonathan D. Grine as our own for purposes

of this appellate review.4

____________________________________________

4 We instruct the parties to attach a copy of the PCRA opinion to any future

filings.

 -6-
J-S20042-24

 Order affirmed; Applications denied.5

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2024

____________________________________________

5 On February 14, 2024, Appellant filed a pro se application for relief
requesting the withdrawal of his appellate counsel. Thereafter, on March 13,
2024, Appellant filed an application requesting permission to proceed pro se
or that this matter be remanded for the appointment of new PCRA counsel.
Appellant’s applications, which were filed while he was presently represented
Attorney McGlaughlin, are denied as untimely. See Commonwealth v.
Grazier, 713 A.2d 81, 82 (Pa. 1998) (“This court held, however, that when
an appellant requests pro se status after his counsel has filed an appellate
brief, the request is untimely.”).

 -7-
 Circulated 07/03/2024 04:19 PM

 r•
 IN THE COURT OF COMNION PLEAS OF CENTRE COUNTY, PENNSYLVAN6
 CRIMINAL ACTION — LAW

 COMMONWEALTH OF
 PENNSYLVANIA,

 V. NO. CP-14-CR-686-2015

 THEOPHILUS BALDWIN
 Defendant

 Attorneyfor Defendant: Ronald S ,lltc-Glaughlin, Esquire

 Attorneyfor Commonwealth.. Christopher J. Schmidt, Esquire

 OPINION AND ORDER

 Presently before the Court is the matter of the Theophius Baldwin's (Defendant) Second

 Amended Petition for Post- Conviction Relief filed on June 15, 2022. A hearing on this matter

 was heard on May 2, 2023. For the following reasons. Defendant's Amended Petition is

 DENIED.

 FINDINGS OF FACT

 Following the issuance of apresentment by the Thirty- Sixth Statewide Investigating

 Grand Jury, on January 29, 2014, the Commonwealth filed acriminal complaint charging

 Baldwin with several violations of the Controlled Substance, Drug, Device, and Cosmetic Act

 (Drug Act) Criminal Use of aCommunication Facility. On February 19, 2014, after a

 preliminary hearing, the charges were held for court. On March 5, 2014, an Information was

 filed. On June 20, 2014, Baldwin Oiled an omnibus pretrial motion which included amotion to

 sever. On August 19, 2014, the Court issued an order granting the severance motion.

00 ❑ RD ❑ S
 Baldwin was sentenced to serve three to six years of incarceration in astate correctional facility.

 This term of incarceration was ordered to be served consecutive to the term of incarceration

 imposed at docket number 302-2014,

 On October 6, 2015, Baldwin filed apost-sentence motion seeking credit for time-served.

 On October 15, 2015, the Court issued an order granting Baldwin's post-sentence motion in part

 which the Court amended on November 17, 2015. Baldwin did not file anotice of appeal.

 On March 10, 2016, Baldwin filed apro se PCRA petition. On June 20, 2016 ;Baldwin

 filed acounseled amended PCRA petition challenging the trial court's jurisdiction over the

 matter and alleging trial counsel was ineffective for, inter alia, advising Baldwin not to appeal

 his judgment of sentence. On September 19, 2016, the Commonwealth answered the amended

 petition. An evidentiary hearing was held on January 20, 2017. On March 23, 2017, this Cou rt

 granted Baldwin's petition, in part, reinstating his direct appeal rights.

 On April 20, 2017, Baldwin filed anotice of appeal nuns pro lunc. On appeal, Baldwin

 alleged that this Court lacked jurisdiction to accept his guilty plea and "the Commonwealth was

 barred from prosecuting [Baldwin] on any non-severed counts that could have been tried

 together at his jury trial" at docket number 302-2014. On December 20, 2017, the Superior Court

 affirmed Baldwin's judgment of sentence, finding that this Court did have jurisdiction to assign a

 new docket number for the severed counts and that the Commonwealth was not barred from

 filing an amended information and proceeding on the charges in this case following completion

 of his case at docket 302-2014, Commvnivealth v. Balchvil7, No. 675 MDA 2015, slip op. at 5-8

 (Pa. Super, Dec..20, 2017) (unreported memorandum).

 On October 9, 2018, Baldwin filed apro se PCRA petition. On November 13, 2018, the

 Court appointed Ronald McGlaughlin, Esquire to represent Baldwin. On June 14, 2019, . Baldwin

00 ❑ RD ❑ S
 filed acounseled amended PCRA petition. On June 15, 2022, Defendant filed asecond amended

 PCRA petition. This Court held an evidentiary hearing on .May 2, 2023 and has since received

 briefs on the issues.

 DISCUSSION

 Baldwin initially raised three claims in his PCRA petition. First.. he alleged aviolation of

 Brady v. Afao land, 373 U.S. 83 ( 1963), based on the Commonwealth's supposed failure to

 disclose evidence of the guilty plea entered by former State College Police Department Sergeant

 Thomas Dann. Second, he claimed that his trial counsel, Brandon Merritt, Esq., was ineffective

 for allowing him to enter aguilty plea. Finally, he claims that his appellate counsel, Steven

 Trialonas, Esq., was ineffective for failing to recognize what Baldwin characterizes as an

 "inherent error" in the Superior Count's December 20, 2017, opinion that affirmed Baldwin's

 judgment of sentence on direct appeal. Baldwin asserts that the " inherent error" establishes that

 the Superior Court erred in determining that this Court had jurisdiction to accept Baldwin's plea

 when his direct appeal from the first set of severed charges was pending on direct appeal.

 Baldwin filed additional pleadings, which included asecond amended PCRA petition that

 added additional claims. Baldwin claims that the Commonwealth's prosecution violated the

 Commonwealth's Attorneys Act, 71 P.S. § 732-205. He also asserts that Attorney Merritt should

 have sought to dismiss the charges based on the Commonwealth Attorneys Act, should have

 sought to dismiss Count 2 (Conspiracy), and that he should have faced only three charges at the

 instant docket after severance, not five charges. Baldwin, himself, also appears to want to present

 adouble jeopardy/compulsory joinder claim.

00 ❑ RD ❑ S
s

 Where aPCRA evidentiary hearing occurs, this Court is the fact-finder. This Court,

 therefore, evaluates witness credibility and determines the facts. See Commonwealth v. MUI.6)7,

 A.3d 8.68, 888 (
 Pa. 2010); Commonwealth v. Johnson, 966 A.2d 523, 540 ( Pa. 2009). This Court

 also makes conclusions of law. Pa.R.Crim.P. 908(D); Commonwealth v. Burton, 121 A.3d 1063,

 1067 (Pa. Super. 2015).

 The Post- Conviction Relief Act "provides for an action by which persons convicted of

 crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42

 Pa.C.S. § 9542. "In order to be eligible for PCRA relief, apetitioner must prove by a

 preponderance of the evidence that his conviction or sentence resulted from one or more of the

 enumerated circumstances found at 42 Pa.C.S. § 9543(x)(2) (setting forth the eligibility

 requirements of the PCRA)." Commonwealth v. Wei.vs, 986 A.2d 808, 817 (Pa. 2009) (quoting

 C'ommomwealth v. Ligons, 971 A.2d 1125, 1137 (Pa. 2009).

 One of those circumstances is that the petitioner's " conviction or sentence resulted from

 [a] violation of the Constitution of this Commonwealth or the Constitution or laws of the

 United States which, in the circumstances of the particular case, so undermined the truth-

 determining process that no reliable adjudication of guilt or innocence could have taken place."

 42 Pa.C.S, § 9543(a)(2)(i).

 To be eligible for PCRA relief, petitioners must plead and prove " the allegation of error

 has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). " An issue is waived if the

 petitioner could have raised it but failed to do so before trial ;: at trial, during unitary review, on

 appeal or in aprior state post- conviction proceeding." 42 Pa.C.S. § 9544(b).

 The May, 2023 PCRA evidentiary hearing supports the Commonwealth's argument that it

 did not violate Brady. The public guilty plea of Dann was available equally to the Office of

00 ❑ RD ❑S
 Attorney General and Baldwin. Further, the PCRA evidentiary hearing testimony revealed that

 Attorney Merritt told Baldwin that Dann had pled guilty before Baldwin entered his plea, which

 further defeats aBrady claim and aclaim that Attorney Merritt was inetTective in this regard.

 Attorney Merritt testified that he spoke to Baldwin about the Dann issue and that counts 3and 4

 concerned Dann. Attorney Merritt also took great lengths to prepare for this case, which reveals

 that he would have also taken the basic step of informing Baldwin of Dann's plea: Attorney

 Merritt met with Baldwin multiple times, including for hours on end on some occasions. It is not

 believable that Attorney Merritt took such extensive steps, discussed the Dann issue with

 Baldwin at length, watched Dann plead guilty, but theddid not inform Baldwin of Dann's plea.

 Therefore, Defendant's claim concerning aBrady violation has no merit.

 As described above, Attorney Merritt provided effective assistance by informing Baldwin

 of Dann's plea and thoroughly reviewing that issue and discussing it with Baldwin. Next,

 Attorney Merritt implemented areasonable strategy of advising Baldwin to enter aplea

 agreement where the two Dann-related counts were dropped; Baldwin would plead guilty to the

 other counts where success at trial was unlikely, Baldwin would receive only a3-to- 6year

 sentence where the Commonwealth's initial plea offer was higher, and Baldwin could still raise

 his claim that the trial court could not accept his plea because it lacked jurisdiction since

 jurisdiction cannot be waived.

 Ultimately, Baldwin admitted that he pled guilty with the understanding that he could

 raise the issue of whether the trial court had jurisdiction to accept his plea by stating that " Itook

 my chances." Baldwin explained that he weighed numerous factors for along time period before

 lie chose to plead guilty and preserve the jurisdiction issue. He completed aguilty colloquy form

00 ❑ RD ❑ S
 with Attorney- IMerritt and an oral plea colloquy, all of which evidenced that Baldwin made a

 knowing, voluntary, and intelligent plea with the sound advice of Attorney Merritt.

 Concerning the " inherent error" in the Superior Court's December 20, 2017 Opinion;

 Defendant is correct the final disposition of Defendant's direct appeal at CP-302-2014 was a

 Memorandum Opinion tiled March 1, 2016, which was after Defendant's entry of aguilty plea.

 Commonnvealth v. Baldtii,,in, No. 675 MDA 2017, 2017 WL 6505788 (Pa. Super. Ct. Dec. 20,

 2017). However, despite the Superior Court stating the only action taken on CP-0686-2015 was

 assigning aseparate docket number, Defendant fails to produce any legal authority to show the

 Court he suffered "preiudice as aresult of counsel's error such that there is areasonable

 probability that the result of the proceeding would have been different absent such error."

 Commonwealth v. Fears, 86 A.3d 795, 804 (Pa. 2014) (quoting Commonwealth v. Lesko, 15

 A.3d 345, 373-74 ( Pa. 2011)) (alteration added in (Fears). Throughout multiple briefs, hearings,

 and appeals, Defendant has failed to show with reasonable probability acourt does not have

 jurisdiction to act on adocket Defendant asked to be severed.

 The remaining issues raised by Defendant appear to be either substantive issues, which

 could have been raised previously and are considered waived for this second PCRA, or, with

 respect to issues of the amended information or Double Jeopardy, have previously been

 litigated. Commontirealth v. Tiiretsk) ,,925 A.2d 876. 879 (Pa. Super. 2007), Baldivin, 2017 WL

 6505788. As such the Court enters the following:

 ORDER

 AND NOW, this / `
 3day of November, 2023, upon review of Defendant's Second
 Amended Petition for Post-Conviction Relief filed on June 15, 2022, brief's on the issues, and

FAI0 ❑ RD ❑ S
 after an evidentiary hearing, the Court finds Defendant's claims are meritless. Accordingly,

 Defendant's Petition is DISMISSED with prejudice.

 BY THE COURT,

 Jonah :
 n D. Grine, President Judge

00 ❑ RD ❑S